# IN the INTEREST OF C.A.K., a Person Under the Age of 18: C.A.K., Appellant,

## v.

# STATE of Wisconsin, Respondent.†

### Court of Appeals

*No. 88–1155. Submitted on briefs October 4, 1988.—Decided November 23, 1988.*

(Also reported in 433 N.W.2d 298.)

† Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

On behalf of the appellant, the cause was submitted on the briefs of *John M. Baker* of *Carr, Kulkoski & Baker, S.C.* of New Berlin.

On behalf of the respondent, the cause was submitted on the brief of *Debra L. Bloedel,* assistant district attorney of Waukesha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   C.A.K. appeals from nonfinal orders of the juvenile court, including a denial of his motion to dismiss, on the grounds that his delinquency petition was untimely filed.[1] We hold that the petition was untimely filed, requiring its dismissal with prejudice.

On July 31, 1987, the Waukesha county district attorney's office received a referral from an intake social worker alleging C.A.K.'s delinquency. On Au-

---

[1]Leave to appeal the nonfinal order is granted pursuant to sec. 808.03(2), Stats.

gust 5, Assistant District Attorney Katherine Held began her job and received the C.A.K. file. On August 20, Held referred the case to the police departments of Waukesha and Wauwatosa, requesting additional information. Her reasons for so doing were that she found the case complex and believed that insufficient information was contained in the referral to allow her to file an adequate petition. On September 3, Held filed a petition alleging C.A.K.'s delinquency, and on September 17, she filed an additional petition.

Defense counsel filed a motion to dismiss, alleging that the filing of the petitions was untimely. He observed that delinquency petitions must normally be filed within twenty days of the district attorney's receipt of a referral from intake and argued that the September 3 and September 17 filings exceeded that twenty-day time limit. The trial court denied the motion and C.A.K. appeals.

■

Whether the petition was timely filed depends upon our construction of sec. 48.25(2)(a), Stats. Interpretation of statutes is a question of law. We review such questions without deference to the trial court. *In re B.A.S.,* 134 Wis. 2d 291, 292, 397 N.W.2d 114, 116 (Ct. App. 1986). In reviewing this statute, we first observe that ch. 48, Stats., is "a comprehensive legislative plan for dealing with children in need of supervision and neglected, dependent, and delinquent children. It is a chapter of carefully spelled out definitions and enumerated powers." *State ex rel. Harris v. Larson,* 64 Wis. 2d 521, 527, 219 N.W.2d 335, 339 (1974).

Section 48.25(2)(a), Stats., states, in relevant part:

> If the proceeding is brought under s. 48.12, 48.125, or 48.13, the district attorney ... shall file the petition, close the case, or refer the case back to intake within 20 days after the date that the intake worker's recommendation was filed. A referral back to intake may be made only when the district attorney ... decides not to file the petition or determines that further investigation is necessary. If the case is referred back to intake upon a decision not to file a petition, the intake worker shall close the case or enter into an informal disposition within 20 days. If the case is referred back to intake for further investigation, the appropriate agency or person shall complete the investigation within 20 days. If another referral is made to the district attorney ... it shall be considered a new referral to which the time limits of this subsection shall apply. The time limits in this subsection may only be extended by a judge upon a showing of good cause under s. 48.315. If a petition is not filed within the time limitations set forth in this subsection and the court has not granted an extension, the petition shall be accompanied by a statement of reasons for the delay. The court shall dismiss with prejudice a petition which was not timely filed unless the court finds at the plea hearing that good cause has been shown for failure to meet the time limitations.

Thus, sec. 48.25(2)(a), Stats., provides that by the twentieth day following intake's referral, the district attorney "shall file the petition, close the case, or refer the case back to intake." When the word "shall" is used in a statute, it is generally presumed mandatory. *In re E.B.*, 111 Wis. 2d 175, 185, 330 N.W.2d 584, 590 (1983). Although this rule of statutory construction has exceptions, we believe that it is the applicable rule

here, especially in light of the fact that the statute mandates any of three alternatives. Ordinarily, a statute that expresses one thing is exclusive of another. *Harris,* 64 Wis. 2d at 527, 219 N.W.2d at 339. Here, explicitly expressed options are preceded by the mandatory "shall." We hold that the time limits are not merely guidelines; rather, the legislature intended to make available only the options listed in the statute.

Our conclusion upon review of the facts is that the assistant district attorney failed to take advantage of the varied but explicit options for a district attorney who receives what he or she believes to be an inadequate referral from intake.

First, no petition was filed within twenty days of a referral from intake. Within the twenty days allotted, the assistant district attorney could have contacted whomever she believed capable of providing the missing information, received the information, and then filed in a timely manner. She evidently contacted no one until the twentieth day.

Second, to obtain additional time without judicial involvement, the state could have referred the case back to intake for investigation and then received a second referral back from intake. That did not occur. The facts show that, within twenty days of July 31, the instant case was not referred back to the intake worker.

Third, there are options available which do necessitate judicial involvement. The time limits may be extended by a judge upon a showing of good cause under sec. 48.315, Stats. That did not occur.

Fourth, if, for whatever reason, the statutory mandates are not complied with and the time limits are therefore exceeded, the statute provides a final recourse allowing the state to prosecute its case

against the juvenile. "If a petition is not filed within the time limitations set forth in this subsection and the court has not granted an extension, the petition shall be accompanied by a statement of reasons for the delay." Sec. 48.25(2)(a), Stats. Again, the statute uses the mandatory "shall," dictating that a late petition must be accompanied by a statement of reasons for delay. No such statements accompanied the late petitions in this case.

In the instant case, the state neither selected one of the options available upon review of the initial intake referral, nor sought an extension, nor set forth any reasons for filing a petition after the twenty-day time limit had expired. The court was therefore obligated to dismiss the petition with prejudice. Since the statute mandates that a late petition be accompanied by a statement of reasons for the delay, the court cannot, in the absence of such a statement, find good cause for failure to meet the time limitations. Even were the trial court empowered in this case to find good cause for delay, it did not so find. It found only that the belated filing was not intentional.

The explicit statutory scheme of sec. 48.25(2)(a), Stats., was not followed. Our supreme court has determined that the legislature may set prerequisites that must be fulfilled prior to valid judicial exercise of jurisdiction. *Mueller v. Brunn*, 105 Wis. 2d 171, 176, 313 N.W.2d 790, 792 (1982). In sec. 48.25(2)(a), the legislature set forth explicit time limitations for filing delinquency petitions that were not followed in the instant case; therefore, the trial court lost competency to proceed and the statute directs that the case must

be dismissed with prejudice.[2] Therefore, the case must be dismissed with prejudice. Sec. 48.25(2)(a).

Because our resolution of the timeliness issue is dispositive, we do not address C.A.K.'s other claims for relief.

*By the Court.*—Orders reversed and cause remanded.

---

[2]We note that the court of appeals recently determined that failure to follow the time limits set forth in secs. 48.30(6) and 48.31(7), Stats., results in a loss of competency to exercise jurisdiction. *In re R.H.*, 147 Wis. 2d 22, 35, 433 N.W.2d 16, 22 (Ct. App. 1988). Those statutes, unlike sec. 48.25(2)(a), Stats., do not contain a directive mandating dismissal when time limits are exceeded. We are therefore further persuaded that the statutory limits in ch. 48, Stats., are mandatory as a rule and that the rule is applicable here.